# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY DWAYNE BRUMBAUGH,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JOHN ROBERTS,<br><br>　　　　Defendant. | Case No.  1:13-cv-01776-AWI-GSA<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT THE COMPLAINT IN THIS ACTION BE DISMISSED WITHOUT LEAVE TO AMEND<br><br>OBJECTIONS, IF ANY, DUE WITHIN THIRTY (30) DAYS |

## INTRODUCTION

Plaintiff Jerry Dwayne Brumbaugh ("Plaintiff"), proceeding pro se and in forma pauperis, filed the complaint in this action on November 4, 2013.  (Doc. 1).  For the reasons detailed below, the Court recommends that the complaint be dismissed without leave to amend.

## SCREENING STANDARDS

Pursuant to 28 U.S.C. § 1915(e), the Court conducts a preliminary review of Plaintiff's complaint to assess its legal sufficiency.  The Court must dismiss a complaint or portion thereof if it determines that the action is "frivolous or malicious;" "fails to state a claim upon which relief may be granted;" or "seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2).  If the Court finds a complaint to be deficient, the Court may

grant leave to amend to the extent the deficiencies are curable by amendment.  Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).  The Court notes that the pleadings of pro se plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers."  Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010); see also Haines v. Kerner, 404 U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) (per curiam).  Accordingly, pro se pleadings are construed liberally, with plaintiffs afforded the benefit of any doubt.  Hebbe, 627 F.3d at 342.

**(i)       Failure to State a Claim**

As stated above, pursuant to 28 U.S.C. § 1915(e)(2), the Court must dismiss a case if the Court determines that the complaint fails to state a claim upon which relief may be granted.  In evaluating whether a complaint states a claim, the Court applies Federal Rule of Civil Procedure 8(a).  Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Rule 8(a) further encompasses a "plausibility standard" for claims pled in a complaint, as explicated by the Supreme Court cases Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, 556 U.S. 662 (2009).  These cases hold that "the pleading standard Rule 8 announces … demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 555).  Rather, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Id. (quoting Twombly, 550 U.S. at 570).  "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'"  Id. (quoting Twombly, 550 U.S. at 557).  In assessing the plausibility of a claim to relief, well-pleaded factual content is accepted as true, while legal conclusions couched as factual allegations or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to an assumption of truth.  Id.

1  (citing <u>Twombly</u>, 550 U.S. at 555).

2      **(ii)      Frivolous Claims**

3      Pursuant to 28 U.S.C. § 1915(e)(2), the Court must also dismiss a case if the Court

4  determines that the complaint is frivolous.  A complaint "is frivolous where it lacks an arguable

5  basis either in law or in fact."  <u>Neitzke v. Williams</u>, 490 U.S. 319, 325, 109 S.Ct. 1827, 104

6  L.Ed.2d 338 (1989).  "[The] term 'frivolous,' when applied to the complaint, embraces not only

7  the inarguable legal conclusion, but also the fanciful factual allegation."  <u>Id.</u>; <u>see</u> <u>also</u> <u>Martin v.</u>

8  <u>Sias</u>, 88 F.3d 774, 775 (9th Cir. 1996).  Courts thus have not only "the authority to dismiss a

9  claim based on an indisputably meritless legal theory, but also the unusual power to pierce the

10  veil of the complaint's factual allegations and dismiss those claims whose factual contentions are

11  clearly baseless."  <u>Neitzke</u>, 490 U.S. at 327.

12      In sum, a claim must be dismissed as frivolous if it lacks an arguable basis either in law

13  or in fact.  This includes claims based on legal conclusions that are untenable (e.g., claims

14  against defendants who are immune from suit or claims of infringement of a legal interest which

15  clearly does not exist), as well as claims premised on baseless factual allegations. <u>See</u> <u>Neitzke</u>,

16  490 U.S. at 327–28.

**PLAINTIFF'S COMPLAINT**

17      Plaintiff names "Chief Justice John Roberts" as the defendant in this action

18  ("Defendant").  (Doc. 1).  Plaintiff's complaint appears to largely consist of excerpts from

19  various court opinions and documents such as the Federalist Papers.  Plaintiff appears to be

20  challenging driving license requirements as a general principle; however, his specific legal

21  claims and factual allegations, as well as the remedies he seeks, are unclear to the point of being

22  indecipherable.  For example, Plaintiff alleges, <u>inter</u> <u>alia</u>, that "Defendant has allowed 'licenses'

23  to violate the 'common right to drive.'"  (Doc. 1 at 3).  Subsequently, Plaintiff states that he has

24  "filed under the 'original right of self defense'" as described in the Federalist Papers.  (Doc. 1 at

1    3-4).  Plaintiff next explains that the "usurpation" he is challenging in this case "is that the

2    Supreme Court has allowed the remedy to sue to be trespassed by rulings."  (Doc. 1 at 4).

3          Plaintiff summarizes his claims against Defendant as follows:

4          1.   The defendant has by unlawful rulings, in violation of the
           compact, harmed plaintiff by trespassing the civil liberty of
5          plaintiff, and Due process of law, and Preamble.
           2.  On or about July 10th, 2010, plaintiff was unlawfully arrested
6          in Jackson Mississippi, county of Rankin, arrest was on basis of
           private plates, in lieu of "license plates", and having marijuana.
7          3.  Violation of compact; to wit; unlawful violation of constitution
           by "Slaughterhouse Cases", and "Baldwin v. Montana"; where the
8          judge ruled that the two P and I clauses are the same yet
           unlawfully stated the rights in the clause as civil rights, when in
9          fact the rights in the clause are civil liberties.  [Sic.].

10   (Doc. 1 at 9).

11         Plaintiff lists the "relief lawfully demanded" in this matter as follows:

12         1.   Restoration of law that protects civil liberties for all.  By ruling
           the reach of clauses that trespass the civil liberties of plaintiff,
13         are void and null, and are severable from such trespassing
           reach.
14         2.   Restoration of Article III power.  By ruling the judicial power
           is only to be used in Article III …
15         3.   Minimum amount for case from Defendant.
           4.   Ruling that the civil liberties of Black Americans, are as in
16         Corfield v. Coryell, see case file Brumbaugh v. Roberts.
           5.   Ruling that Plaintiff shall be awarded the first C.D.R.;
17         Commercial Driving Regulatory; for working in his profession
           as truck driver.
18         6.   Ruling that the 'licenses' currently in supposed valid use, be
           declared to be used as regulatory i.d.'s until regulatory i.d.'s be
19         in use.  [Sic].

20   (Doc. 1 at 14).

21                                  **ANALYSIS**

22         The legal and factual allegations in Plaintiff's complaint do not plausibly set forth an

23   entitlement to relief.  See Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007); Ashcroft v.

24   Iqbal, 566 U.S.662 (2009).  Consequently, Plaintiff's complaint fails to state a claim on which

25   relief may be granted.  Id.  Further, Plaintiff's claims are legally frivolous as they lack even an

26   arguable basis in law.  Neitzke, 490 U.S. at 325.  The Court further finds that Plaintiff's claims

27
28   cannot be cured by the allegation of additional facts.  See Lopez v. Smith, 203 F.3d 1122, 1130

(9th Cir. 2000).   Accordingly, the Court recommends that Plaintiff's complaint be dismissed without leave to amend.

## CONCLUSION AND RECOMMENDATION

The Court finds that Plaintiff's complaint fails to state a cognizable claim and that the defects in the complaint cannot be cured by amendment.   Accordingly, the Court RECOMMENDS that this action be DISMISSED without leave to amend.

These findings and recommendations are submitted to the Honorable Anthony W. Ishii, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Plaintiff may file written objections with this Court within thirty (30) days of service of these findings and recommendations.   Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the district judge's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **January 15, 2014**                           **/s/ Gary S. Austin**
                                                            UNITED STATES MAGISTRATE JUDGE

5